UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINNA FAIL, LP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2045 |
| | § | |
| J R MOORE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

## I.    Introduction

Pending before the Court are two motions filed by the defendants, Montgomery County, Texas; J.R. Moore, Tax Assessor and Collector; Norman Nelson; M. Kaye Applewhite; and Linebarger Goggan Blair & Sampson, LLP.[1]  First, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 6), later amended to add, in the alternative, a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Docket Entry No. 9).  The plaintiff, Finna Fail, L.P., filed a response to the defendants' amended motion (Docket Entry No. 14).  The defendants then filed a reply to that response (Docket Entry No. 18), to which the plaintiff filed a sur-reply (Docket Entry No. 21).  The defendants filed a reply to the plaintiff's sur-reply (Docket Entry No. 22).

Second, the defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Docket Entry No. 10).  The plaintiff filed a response (Docket Entry No. 13), to which the defendants filed a reply (Docket Entry No. 17).  The defendants also filed a

---

[1] Nelson and Applewhite are partners of the Linebarger firm.  The Court refers to Nelson, Applewhite and the Linebarger Firm collectively as the "Linebarger defendants."  Montgomery County Constable Precinct No. 2, Gene DeForest, is also a defendant but he is not a movant in the present motion.

supplemental brief in support of this second motion (Docket Entry No. 25), to which the plaintiff filed a response (Docket Entry No. 30).

After having carefully reviewed the motions, the responses, the record and the applicable law, the Court grants the defendants' motion to dismiss pursuant to Rule 12(b)(1) because the Court determines that it does not have subject matter jurisdiction over this dispute.

## II.    Factual Background[2]

The plaintiff asserts a variety of charges arising from its unsuccessful attempt to buy property at a tax foreclosure auction.  The contested property was owned by Troy Blanchard and was subject to an automatic bankruptcy stay.  On October 4, 2008, Blanchard filed a voluntary petition for bankruptcy.  *See In re Troy Blanchard,* No. 08-36299-H1-13 (Bankr. S.D. Tex.). The property, located at 30923 Blue Ridge Park Lane, Spring, Texas 77368, was included in his bankruptcy estate.  On October 15, 2008, the bankruptcy court entered a notice of bankruptcy, thus subjecting that property to an automatic stay.

On January 7, 2009, Montgomery County, Texas filed suit against Blanchard, seeking to foreclose *ad valorem* tax liens on the property.  *See The State of Texas v. Troy Blanchard aka Troy Joseph Blanchard, et al.*, No. 09-01-00155 (284th Dist. Ct., Montgomery County, Tex.). That court rendered a final judgment ordering that the property be sold at auction.

---

[2]    The Court takes judicial notice of certain facts not contained in the plaintiff's pleadings, pursuant to Federal Rule of Evidence 201.  Specifically, the Court takes judicial notice of the events that occurred on October 4, 2008, March 30, 2010, and May 10 and 19, 2010.  All of those facts are matters of public record, and the relevant documents are attached to the defendants' 12(b)(6) motion.

Generally, a court's consideration of a 12(b)(6) motion is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  The Court may also, however, "take judicial notice of documents in the public record . . . and may consider such documents in determining a motion to dismiss."  *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 639 n.2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996).

On March 2, 2010, the plaintiff was the highest bidder at the property's foreclosure auction.   The plaintiff tendered the sum of $115,500.00 to Montgomery County, and the Montgomery County Constable Office for Precinct 2 issued the plaintiff a receipt.  At the time of sale, the property was still subject to the automatic bankruptcy stay.

On March 10, 2010, the Linebarger law firm sent a letter to that constable stating that Blanchard was in bankruptcy.   Montgomery County, acting by and through its attorneys of record at the Linebarger firm, instructed the Montgomery County constable to return the purchase money to the plaintiff and not complete the sale process.

On March 30, 2010, Blanchard filed a motion to modify his confirmed plan in his bankruptcy case, in which he decided to surrender the property back to the first and second lienholders.   On May 10, 2010, the bankruptcy court terminated the automatic stay on the property.   On May 19, 2010, the bankruptcy court entered an order confirming Blanchard's requested plan modification.

## III.    Contentions of the Parties

### A.    The Defendants' Contentions

The defendants filed both a Rule 12(b)(6) motion with a Rule 12(e) motion in the alternative, and a Rule 12(b)(1) motion.  First, in their 12(b)(6) motion, the defendants claim that the plaintiff cannot legally maintain any cause of action against the defendants because: (1) the plaintiff acquired no rights in the property and thus was not deprived of any civil rights; (2) the plaintiff lacks standing to sue for willful violations of the automatic stay because it is a stranger to the underlying bankruptcy proceeding; (3) the plaintiff's fraud, statutory fraud and negligent misrepresentation claims fail because the plaintiff merely acquired a "chance at title" such that no representations were made to it by virtue of the sale; (4) the plaintiff fails to plead sufficient

facts to state claims for fraud, statutory fraud and negligent misrepresentation under the federal pleading rules; (5) the defendants are immune from suit for statutory fraud in a real estate transaction; and (6) the plaintiff fails to plead any facts to support a conspiracy claim. Alternatively, the defendants move for a more definite statement, pursuant to Rule 12(e), asserting that the plaintiff fails to provide any details as to: (1) actual damages; (2) civil rights deprivations; (3) specific acts of fraud, statutory fraud, or negligent misrepresentation; or (4) factual allegations to support its conspiracy claim.[3]

Second, in the defendants' Rule 12(b)(1) motion, the defendants contend that: (1) as a political subdivision of the state, Montgomery County has governmental immunity; and (2) the plaintiff is barred from suing the other defendants in their official capacities under the doctrine of governmental immunity.  They further assert that the plaintiff's claims have alleged no facts against the defendants in their individual capacities, and so the plaintiff is barred from suing these entities under any cause of action pled.[4]

### B.    The Plaintiff's Contentions

The plaintiff asserts that the defendants engaged in wrongful and tortious conduct following the foreclosure auction by conspiring to withhold the issuance of a deed to the plaintiff

---

[3]      In the defendants' reply concerning their 12(b)(6) motion, they further assert and/or emphasize that: (a) no property rights ever vested in the plaintiff; (b) the plaintiff provides no legal support for its argument that a third-party purchaser can maintain a cause of action for a willful violation of an automatic stay; (c) there was no misrepresentation at the judicial sale because the property was sold subject to an automatic stay; (d) governmental entities and employees are immune from suit for statutory fraud in a real estate transaction; and (e) there is no underlying tort to support a civil conspiracy claim.

In the defendants' reply to the plaintiff's sur-reply, the defendants claim that Texas Tax Code § 32.06 does not apply to the plaintiff, and that therefore the plaintiff is not entitled to any more money than the refund of its tendered purchase price, which it has already received.

[4] In the defendants' reply concerning their Rule 12(b)(1) motion, they further assert that the plaintiff fails to present a valid claim for its 42 U.S.C. § 1983 and/or procedural due process violations.  In the defendants' supplemental brief, they assert that suits against governmental units engaged in tax collection are barred by governmental immunity, and that this immunity extends to cover government employees and agents.  *See Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, No. 01-10-00082-DC, 2010 WL 4678240, at *7 (Tex. App. – Houston [14th Dist.] Nov. 18, 2010, no pet.).

after it had submitted its payment as the highest bidder at that auction.  The plaintiff asserts that the defendants acted arbitrarily to deprive the plaintiff of its rights under the Constitution and federal and state laws.  The plaintiff maintains that the defendants had knowledge of the underlying bankruptcy proceedings prior to the auction, and that they nevertheless willfully violated the conditions of the automatic bankruptcy stay and the plaintiff's due process rights.

The plaintiff maintains that the defendants are liable as a result of their official policies, customs or practices that deprived the plaintiff of its constitutional and federal rights. The plaintiff asserts the following causes of action: (1) deprivation of civil rights; (2) willful violation of automatic stay; (3) fraud; (4) statutory fraud in a real estate transaction; (5) negligent misrepresentation; and (6) conspiracy.[5]  The plaintiff avers that she has suffered damages including denial of possession, loss of property, excessive costs and fees and lost profits.

In response to the defendants' amended Rule 12(b)(6) motion, the plaintiff contends that: (1) the defendants failed to address its procedural due process claim; (2) the Fifth Circuit and Southern District of Texas do not recognize debtors and pre-petition creditors as the only entities statutorily entitled to a private right of action for injuries resulting from a willful violation of an automatic stay; (3) the defendants falsely represented that they had the authority to foreclose and sell the property; (4) it has pled sufficient facts for its fraud, statutory fraud, negligent misrepresentation and conspiracy claims; and (5) the defendants are not immune from statutory fraud.  With respect to the defendants' alternative Rule 12(e) motion, the plaintiff seeks leave to conduct additional discovery.[6]

---

[5] While the plaintiff's first amended complaint does not expressly delineate conspiracy as a separate claim, the plaintiff alleges that the defendants conspired to injure it throughout its complaint.

[6] In its sur-reply to the defendants' amended 12(b)(6) motion, the plaintiff also asserts that Texas Tax Code §32.06(k) entitles the plaintiff to be refunded more money than its tendered purchase price.  The plaintiff does not assert that the defendants kept its purchase money.

In response to the defendants' Rule 12(b)(1) motion, the plaintiff asserts that the defendants failed to address its procedural due process claim.  In response to the defendants' supplemental brief, the plaintiff argues that: (1) the Constitution and federal law trump state law immunity; (2) the Texas Legislature waived governmental immunity in the Texas Tort Claims Act ("TCTA"); and (3) the defendants have failed to establish governmental immunity because they have not established that they are employees of a governmental unit and because they did not act in good faith.

## IV.    Standard of Review

Federal Rule of Civil Procedure Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction.  "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Because federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims.  *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc.*, *Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating

jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.")  In making its ruling, the court may rely on any of the following:   "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

## V.    Analysis and Discussion

The plaintiff is a disgruntled would-be owner of foreclosed property, whose attempted purchase was thwarted by a preexisting automatic bankruptcy stay on that property.  The Court determines that it does not have subject matter jurisdiction over this dispute, and therefore, it grants the defendants' motion to dismiss pursuant to Rule 12(b)(1).

The Court does not have subject matter jurisdiction over this dispute because the defendants have governmental immunity.[7]  "Because a governmental unit is protected from suit by governmental immunity, pleadings in a suit against a governmental unit must affirmatively demonstrate, either by reference to a statute or express legislative permission, that the Legislature consented to the suit."  *City of Houston v. Swinerton Builders*, 233 S.W.3d 4, 10 (Tex. App. – Houston [1st Dist.] 2007, no pet.) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).  Unless that government unit consents to being sued, the trial court does not have jurisdiction over the case.  *Swinerton Builders*, 233 S.W.3d at 10 (citing *Jones*, 8 S.W.3d at 638-39).

---

[7] In Texas, governmental immunity includes two distinct principles: (1) immunity from suit; and (2) immunity from liability.  *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006) (internal citations omitted).  Immunity from suit bars a suit against a governmental entity unless the governmental unit expressly gives its consent to the suit.  *Tooke*, 197 S.W.3d at 322 (internal citations omitted).  Immunity from liability bars enforcement of a judgment against a governmental entity.  *Id.*

A.     **Defendant Montgomery County**

Defendant Montgomery County is a political subdivision of the state protected by governmental immunity.  *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003) ("Governmental immunity . . . protects political subdivisions of the State, including counties, cities, and school districts.")  In its pleadings, the plaintiff fails to demonstrate that the legislature has consented to suit for any of the claims made.[8]  Therefore, the plaintiff is barred from bringing this suit against Montgomery County, and the Court does not have subject matter jurisdiction over the plaintiff's claims against Montgomery County.

B.     **The Remaining Defendants in their Official Capacities**

Likewise, the doctrine of governmental immunity bars the plaintiff from bringing suit against the remaining defendants in their official capacities.  "A suit against government employees in their official capacities is, in all respects, a suit against the State; thus, employees sued in their official capacities are shielded by sovereign immunity."  *Univ. of Texas Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex.App. – Houston [1st Dist.] 1999).

The plaintiff argues that the Linebarger defendants have failed to establish governmental immunity because they have not established that they are employees of a governmental unit and because they did not act in good faith.  However, the Court determines that both of the plaintiff's assertions are erroneous.  First, regarding the Linebarger defendants' employment status, Texas law defines an "employee" as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority."   Tex. Civ. Prac. & Rem. Code § 101.001(2).

---

[8] The plaintiff incorrectly argues that the Texas Legislature waived immunity to suits like this in the TCTA.  In actuality, the TCTA was intended "to insure immunity to the taxing unit while performing the governmental function of collecting revenue."  *City of Houston v. First City Nat'l Bank*, 827 S.W.2d 462, 481 (Tex. App. – Houston [1st Dist.] 1992, writ denied); *see also* Tex. Civ. Prac. & Rem. Code § 101.055(1). Further, "the mere fact that the tax collection function has been assigned to a private law firm does not change the nature of the function from governmental to proprietary."  *First City Nat'l Bank*, 827 S.W.2d at 480.

The Linebarger defendants fit that definition precisely.  Texas law extends sovereign immunity to preclude suit against governmental employees and governmental agents acting in their official capacity.  *See Ross v. Linebarger, Goggan, Blair and Sampson, L.L.P.*, No. 01-10-00082-CV, 2010 WL 4678240 at *7 (Tex. App. – Houston [14th Dist.] Nov. 18, 2010, no pet.).  Additionally, "suits against . . . taxing entities for actions taken in the course of assessing and collecting taxes are barred by governmental immunity."  *Ross*, No. 01-10-00082-CV, 2010 WL 4678240 at *7 (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.055).[9]

Second, regarding the Linebarger defendants' good faith, the plaintiff contends that the Linebarger defendants withheld the fact that Blanchard's property was subject to an automatic stay.  The plaintiff asserts that the defendants had at least constructive knowledge of the bankruptcy stay because those bankruptcy proceedings are matters of public record.  However, precisely because those proceedings are matters of public record, the plaintiff had that same constructive knowledge.  *See, e.g., Sadeghian v. City of Aubrey*, 2002 U.S. Dist. LEXIS 20905, at *7 (N.D. Tex. 2002) ("In Texas, an individual has constructive notice of the actual knowledge he would have acquired by examining public records.") (internal citation omitted) (with respect to knowledge of local ordinances).  Thus, the Court determines that the plaintiff's allegation of bad faith fails.

### C.      The Remaining Defendants in their Individual Capacities

---

[9] The plaintiff tries to distinguish the *Ross* case, arguing that – unlike in the present case – the *Ross* plaintiffs admitted that the Linebarger firm was an agent to a governmental unit.  However, the plaintiff's distinction fails.  The plaintiff's first amended complaint states that: (1) "Montgomery County [was] acting by and thru [*sic*] its attorneys' [*sic*] of record, Linebarger, Goggan Blair & Sampson L.L.P." (¶ 15); (2) "Constable DeForest's acts and edicts or those of his representatives in the circumstances described herein may fairly be said to represent official policy . . . giv[ing] rise to the liability of Montgomery County" (¶ 23); and (3) "Defendants individually or through its agents represented to the Plaintiff that they had the authority to foreclose and sell the [property]" (¶ 27).  Therefore, the plaintiff cannot use its complaint to effectively distinguish this case from *Ross.  See also, First City Nat'l Bank* at 480.

The plaintiff has brought suit against the remaining defendants in their "individual and representative or official capacities" for alleged actions giving rise to the foreclosure and sale of the property. However, as pled, the plaintiff's claims arise only out of the remaining defendants' actions taken in their official capacities as employees or agents of Montgomery County for the purpose of collecting taxes and enforcing the court's order of sale. The plaintiff's assertions of fact do not support claims against these defendants in their individual capacities. All of the plaintiff's claims arise from actions taken by the defendants as agents for Montgomery County in the collection of taxes, which is a governmental function. Moreover, "imposing personal liability upon [a taxing unit's] agent[s] while performing this governmental function would be contrary to public policy. *First City Nat'l Bank*, 827 S.W.2d at 481. Therefore, the plaintiff is barred from suing these entities in their individual capacities under any cause of action pled.

### D.        Constitutional Primacy

The plaintiff also argues that the United States Constitution and federal law trump state law immunity to the extent that state law conflicts with federal law. The Court finds no conflict between the applicable federal and state laws regarding subject matter jurisdiction. The Eleventh Amendment to the Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the United States by Citizens of another State." The Supreme Court has determined that "[t]he Eleventh Amendment grants a State immunity from suit in federal court . . . by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The simple fact is that subject matter jurisdiction is lacking, and therefore, the Court cannot adjudicate this

dispute.  *See, e.g., Stockman*, 138 F.3d at 151 (citing *Veldhoen*, 35 F.3d at 225).  Accordingly, the Court grants the defendants' motion to dismiss for lack of subject matter jurisdiction.[10]

## VI.    Conclusion

Based on the foregoing discussion, the Court GRANTS the defendants' motion to dismiss for lack of subject matter jurisdiction.

It is so **ORDERED**.

SIGNED at Houston, Texas this 27th day of December, 2010.

Kenneth M. Hoyt
United States District Judge

---

[10] The Court also dismisses the plaintiff's case, *sua sponte*, against Montgomery County Constable Precinct No. 2 Gene DeForest even though he is not a movant in the case.  Rule 12(b)(1) applies to the plaintiff's claims against all of the defendants, and the Court has a duty to guard the entrance to federal court, denying entry to claims over which federal courts do not have subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).